IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATE OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 5:94CR108
                                            (STAMP)

SCOTT NALE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AS FRAMED**
**THE UNITED STATE PROBATION OFFICER'S PETITION**
**FOR MODIFICATION OF THE TERMS OF SUPERVISED RELEASE**

I.    Background

On October 19, 1994, the defendant in the above-styled criminal action was indicted on four separate counts. Thereafter, on May 1, 1995, the defendant entered a plea of guilty to the crimes of car jacking, using and carrying a firearm in relation to a crime of violence, and being a felon in possession of a fireman on May 1, 1995. The car jacking involved the abduction and sexual assault of the defendant's former girlfriend. Prior to the aforementioned crimes, the defendant was previously convicted of sexual assault in the third degree in the Circuit Court of Hancock County, West Virginia after pleading guilty to unlawful sexual intercourse with a 13 year old child.

On August 21, 1995, this Court sentenced the defendant to 168 months for the car jacking, and 120 months for being a felon in possession of a fireman, which were to be served concurrently,

followed by a 60 month sentence for using and carrying a firearm in relation to a crime of violence.  The Court further imposed a three year term of supervised release on each count, which were to run concurrently.  Further, as a result of the defendant's criminal offenses, the defendant is a considered a sex offender who is required to register pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C. § 16913.  After the defendant's term of supervised release started, the United State Probation Officer filed a petition seeking to modify the conditions of the defendant's supervised release originally imposed upon him during his sentencing.  The requested modifications are as follows:

> 1.  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.  The Probation Officer shall provide the state officials with any and all information required by the state sex offender registration agency, and may direct the defendant to report to that agency in person for additional processing, such as photographing and finger printing.
>
> 2.  The defendant shall have no direct or indirect contact, at any time, for any reason, with the victim, the victim's family, and any affected parties related to the offense in this matter.
>
> 3.  The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U.S. Probation Officer.  The defendant shall complete the treatment recommendations and abide by all of the rules, requirements and conditions of the program until discharged.  He shall take all medications as prescribed.

4. The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to, a polygraph examination or other specific tests to monitor his compliance with probation or supervised release treatment conditions, at the direction of the U.S. Probation Officer.

5. The defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.

6. The defendant shall not possess any materials depicting and/or describing "sexually explicit conduct," "pornography" or "child pornography" as defined in 18 U.S.C. § 2256, nor shall he enter any location where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games.

7. The defendant is prohibited from access to any computer, internet service provider, bulletin board system or any other public or private computer network or the service at any location (including employment or education) without prior written approval of the U.S. Probation Office or the Court. Any approval shall be subject to any conditions set by the Court.[1]

8. The defendant shall submit his person, residence, vehicle or space that is under his control to an inspection, from time to time, conducted by any Probation Officer. Failure to submit to such an inspection may be grounds for revocation of supervision. The defendant shall warn other residents or occupants that such residence, vehicle, or space that is under the defendant's control is subject to inspection pursuant to this condition. Any computer found is subject to seizure and/or inspection. The defendant shall inform any other residents that the premises may be subject to an inspection pursuant to this condition.[2]

---

[1]The defendant indicated that an agreement was reached concerning this modification and it would be removed entirely.

[2]The defendant indicated that the parties agreed that the following sentence would be removed from this modification: "Any

3

9. The defendant shall not associate or have verbal, written, telephonic or electronic communications with any person under the age of eighteen (18) except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of his conviction or prior history; and (3) has written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen (18), such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services.

10. The defendant shall not loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, daycare centers, swimming pools, community recreations fields, zoos, youth center, video arcades, carnivals, circuses or other places primarily used or can be reasonably expected to be used by children under the age of eighteen (18) without prior written permission of the U.S. Probation Officer.

11. The defendant shall not purchase, possess, use or administer any alcohol or frequent any business whose primary function is to serve alcoholic beverages.

12. During the period of probation or supervised release, the defendant shall notify his employers, family, friends and others with whom he has regular contact of his conviction and/or history as a sex offender and that he is being supervised by a U.S. Probation Officer.

13. The defendant shall not own, use or have access to the services of any commercial mail receiving agency or storage unit nor shall he open or maintain a post office box or storage unit without the prior approval of the U.S. Probation Officer. The defendant shall provide the U.S. Probation Office with a list of all P.O. boxes and/or storage units to which they have access.

14. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from

---

computer found is subject to seizure and/or inspection."

>     the Court. Under no circumstances may the defendant be engaged in a position that involves being a position of trust or authority over any person under the age of eighteen (18).

ECF No. 51.

The parties appeared for a hearing with this Court regarding the probation officer's petition. The Court requested that the parties meet and attempt to reach an agreement concerning the imposition of the modifications. According to the parties, such meeting occurred, wherein the parties agreed to certain changes to the modified conditions. Further, the defendant asserted that he did not object to Modification Nos. 1, 2, 3, 6, 11, and 13. Following the hearing, the defendant filed a brief with this Court outlining the defendant's objections to Modification Nos. 4, 5, 8, 9, 10, 12, and 14. The government thereafter, filed a response to these objections.

For the reasons stated below, this Court grants as framed the United State Probation Officer's petition to modify the conditions of the defendant's supervised release subject to the prior agreements reached between the government and defendant by counsel.

## II. Discussion

According to the United States Court of Appeals for the Fourth Circuit, district courts "have broad latitude to impose conditions on supervised release." United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003). A district court may impose not only the mandatory conditions under 18 U.S.C. § 3583, but also "any

condition it considers to be appropriate, as long as that condition is 'reasonably related' to statutory factors referred to in § 3583(d)(1)." Id.; see also United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009). Such factors are, "'the nature and circumstances of the offenses and the history and characteristics of the defendant,' 18 U.S.C. § 3553(a)(1), providing adequate deterrence, see § 3553(a)(2)(C), and providing the defendant with training, medical care, or treatment, see § 3553(a)(2)(D)." Id. Another factor is also whether the sentence is reasonably related to "protecting the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). However, "special conditions must 'involve [] no greater deprivation of liberty than is reasonably necessary' to achieve the goals enumerated in § 3553(a)." United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009) (quoting 18 U.S.C. § 3583(d)(2)). Moreover, this Court "must explain the rationale for the special conditions it imposes." Id. (citations omitted).

Regarding Condition No. 4, the defendant argues that there is no basis for the defendant to submit to psychological and physiological testing, which includes polygraph tests to ensure his compliance with the supervised release conditions. Further, he states that there is no showing that the defendant is in violation of the terms and conditions of supervised release and the polygraph test is nothing more than a fishing expedition to learn whether he

is complying with the terms of his supervised release. The government responded by stating that Condition No. 4 is simply a more detailed statement of the additional condition requiring participation in a mental health program which was imposed at the defendant's sentencing.

The Fourth Circuit, as well as other courts, has approved of the use of a polygraph test as "a potential treatment tool" after a sex offender's release from prison. Dotson, 324 F.3d at 261; see also United States v. Zinn, 321 F.3d 1084, 2003 WL 328925, at *6 (11th Cir. Feb. 14, 2003); United States v. Lee, 315 F.3d 206, 217 (3d Cir. 2003); United States v. Sines, 303 F.3d 793, 799-800 (7th Cir. 2002). This Court finds that the polygraph along with the general directive that the defendant "shall submit to risk assessments, psychological and physiological testing" is reasonably related to providing the defendant with "medical care, or other correctional treatment[,]" which is a factor under 18 U.S.C. § 3553.

As to Condition No. 5, the defendant argues that there is no basis to support that the defendant must have his residence and employment approved in advance by the Probation Officer. He states it is unclear how this condition has anything to do with the crimes that the defendant was convicted of in this Court. The government responds by stating that this condition is necessary to assure the defendant's compliance with the conditions of supervision and

necessary for the security of the defendant, his neighbors, and the community. This Court finds that Condition No. 5 is reasonably related to protecting the public from further crime and is necessary to assure compliance with other supervision and security requirements.

The defendant addresses Condition No. 8 by first stating that it is overly broad and unduly burdensome. Further, he states that there has been no showing by the Probation Department and the government that these modifications are needed. As to Condition No. 8, the defendant specifically states it is unclear what the defendant may be "secreting" in the areas under the defendant's control that may be inspected according to this condition. The government responds by stating that Condition No. 8 is designed to assist the defendant in attaining a law abiding lifestyle and avoiding occasions when he may violate the law. The Court agrees and finds that Condition No. 8 is reasonably related to providing "adequate deterrence to criminal conduct" as these types of inspections will likely deter the defendant from possessing a firearm or other material that he is prohibited from possessing.

The defendant argues that Condition Nos. 9, 10, 12, and 14, are also overly broad. These conditions prohibit or limit the defendant's contact with persons under the age of 18, prohibit his loitering within areas frequented by children under the age of 18, and require that the defendant notify those people whom he has

regular contact with of his sex offender status. The defendant further objects by stating that there is no showing that the defendant has frequented establishments improperly or associated with individuals whom he should not have contact. The defendant believes that it is enough that he not have contact with the victim or the victim's family, as his past crimes mostly are traffic related and the sexual assault did not involve him waiting in a "public place or hanging out at a middle school dance hall." The government argues that Condition Nos. 9 and 10 will serve to assist the defendant in sustaining a law abiding lifestyle, as he is a sex offender. Moreover, the government states that such conditions have been upheld by other courts. As to Condition No. 12, which is the notification provision, the government states that its purpose is to ensure the safety of the community. Also, the government argues that Condition No. 14, which prohibits the defendant's employment in a position where he would come in contact with children under the age of 18 without permission, is also designed to ensure the safety of the community. Further, the government argues that Condition No. 14 assists the defendant in returning to a law abiding lifestyle.

The government is correct by declaring that conditions such as Condition Nos. 9 and 10 have been upheld in other courts. United States v. Alberson, 645 F.3d 191, 201 (3d Cir. 2011) (approving an association with minors provision and finding that the condition

was not overly broad but instead sensible); United States v. Crume, 422 F.3d 728, 734 (approving the special condition prohibiting contact with children under the age of 18). This Court also believes that such conditions are not overly broad. Further, this Court finds that such conditions are reasonably related to protecting the public. Condition Nos. 9 and 10 attempt to ensure that the defendant does not commit another sexual assault by limiting the defendant's exposure to minors. The same is true for Condition No. 14, as it is also designed to limit the defendant's exposure to minors by preventing the defendant from having a job where he comes in direct or indirect contact with children. Thus, Condition No. 14 also is reasonably related to protecting the public from further sexual assaults by the defendant. Condition No. 12 also provides protection to the public, by requiring the defendant to notify those with whom he deals with on a regular basis of his sexual offender status. Such a notification provides some amount of safety to those people through awareness of the defendant's status.

As stated above, "special conditions must 'involve [] no greater deprivation of liberty than is reasonably necessary' to achieve the goals enumerated in § 3553(a)." Armel, 585 F.3d at 186 (4th Cir. 2009) (quoting 18 U.S.C. § 3583(d)(2)). Because the defendant was convicted in this case of a car jacking that involved a sexual assault and also because the defendant had previously

plead guilty in a state court action to unlawful sexual intercourse with a 13 year old child, this Court finds that these special modified conditions are particularly relevant to this defendant. As a result, this Court finds that these conditions involve no greater deprivation of liberty than is reasonably necessary to achieve the goals enumerated in § 3553(a).

### III. Conclusion

For the reasons stated below, the United State Probation Officer's petition to modify the conditions of the defendant's supervised release subject to the prior agreements reached between the government and defendant by counsel is GRANTED AS FRAMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant, to counsel of record herein, and to the United States Probation Office.

DATED: March 18, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE